UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

DEANNE WILLIAMS                                    CIVIL ACTION NO.

VERSUS                                             JUDGE

MONROE CITY SCHOOL BOARD                           MAGISTRATE JUDGE

COMPLAINT AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes plaintiff, Deanne Williams, who respectfully represents:

1. This Court has subject matter jurisdiction pursuant to 28 USC 1331 as this is a civil action arising under federal law, specifically the Americans with Disabilities Act. The court has subject matter jurisdiction over the state law claims under 28 USC 1367. Ms. Williams received a Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission as to her claims and timely brings this lawsuit. Attached as Exhibit A is the Notice of Right to Sue and Charge of Discrimination.

2. Made defendant herein is the Monroe City School Board, an entity and employer domiciled in Ouachita Parish, Louisiana, capable of suing and being sued, which governs the school system in Monroe, Louisiana.

3. Ms. Williams worked as a teacher for the defendant.

4. On January 6, 2011, Ms. Williams suffered an on-the-job injury resulting in injuries to her right foot. She filed a workers' compensation claim on account of this injury and began to draw workers' compensation benefits.

5. Ms. Williams had previous injuries that led to her physician imposing restrictions including no pushing, pulling, or lifting greater than 10 pounds.

6. On or about June 17, 2011, Ms. Williams' physician released her to return to work as of June 20, 2011, with restrictions including no prolonged standing or walking and "May not be in high risk classroom with students."

7. The defendant refused to make reasonable accommodations to Ms. Williams' disabilities and told her they had no job for her.  Specifically, Superintendent Kathleen Harris advised Ms. Williams of this on June 27, 2011.

## COUNT ONE: DISABILITY DISCRIMINATION

8. Ms. Williams had or was regarded as having a physical or mental impairment that substantially limits a major life activity, in this case, working and walking.  Ms. Williams was, and/or her employer believed she was, significantly unable to perform her specific job because of a disability; and Ms. Williams was, or the defendant believed she was, significantly limited in performing either a class of jobs or a broad range of jobs in various classes in the employee's geographic area, specifically teaching jobs requiring prolong standing or walking or being in a classroom with high risk students.  Ms. Williams is qualified, with or without an accommodation, to perform the essential job functions of the job she held for the defendant.  The defendant discriminated against the plaintiff because of her disability and is liable to her under federal and state law.

## COUNT TWO: WORKERS' COMPENSATION RETALIATION

9. The defendant fired Ms. Williams in retaliation for bringing a workers' compensation claim and is liable to her for a year's wages plus attorney's fees under Louisiana law.

## COUNT THREE: LOUISIANA TORT

10. The defendant's actions in violating the federal and state statutes at issue are in breach of duties owed to Ms. Williams, which were designed to prevent Ms. Williams from suffering

the harm she suffered, and the defendant is liable to Ms. Williams for negligence under Louisiana tort law, La. Civil Code art. 2315.

## DAMAGES

11. As a result of the defendant's actions, Ms. Williams has suffered damages including lost income and benefits, emotional distress, mental anguish, humiliation, loss of earning capacity, and other elements of loss to be proved at trial, all of which she is entitled to collect from the defendant, together with statutory damages for workers' comp retaliation, punitive damages under the ADA as the employer has engaged in intentional discrimination and has done so with malice or reckless indifference to the federally protected rights of Ms. Williams, and all other damages to which she may be entitled under federal and state law.

WHEREFORE, Deanne Williams prays that after due proceedings are had there be judgment rendered in her favor against the Monroe City School Board, awarding her all damages to which she is entitled, together with interest, costs, attorney fees, statutory damages, punitive damages, and all other legal, general, and equitable relief.

Respectfully Submitted:

**SCOTT D. WILSON**
**A PROFESSIONAL LAW CORPORATION**
533 Europe Street
Baton Rouge, Louisiana 70802
Phone 225-388-9788; Fax 225-344-1200
sdwilsonlaw@aol.com

BY:_____
   **SCOTT D. WILSON**
   Louisiana Bar Roll # 19835